**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| STEVEN EUGENE SMITH, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 5:15-cv-00144-MTT-CHW |
| | : | |
| Warden XANDERS SAM, | : | **Proceedings Under 28 U.S.C. § 2254** |
| | : | **Before the U.S. Magistrate Judge** |
| Respondent. | : | |

**REPORT AND RECOMMENDATION**

On October 21, 2008, Petitioner was indicted in Bibb County, Georgia, on one count of murder, one count of felony murder, and one count of possession of a firearm by a convicted felon. Doc. 13-4, pp. 8-10. On January 26, 2009, petitioner entered a negotiated plea of guilty to count three and to the lesser included offense of voluntary manslaughter on count one. Doc. 13-6, p. 3; Doc. 13-7, p. 4. Petitioner was sentenced on February 3, 2009, to a term of twenty years, with fifteen to serve, on the manslaughter charge and a period of five years of probation on the firearm charge, to run consecutively. Doc. 13-6, p. 3; Doc. 13-7, p. 4.

More than three years after he was sentenced, Petitioner filed at least seven pro se motions in the Superior Court of Bibb County. On September 24, 2012, he filed a motion to proceed pro se and a Motion to Arrest Judgment alleging ineffective assistance of counsel. Doc. 13-8; Doc. 13-9. On October 12, 2012, petitioner filed a motion to suppress and a motion to vacate. Doc. 13-10. On November 1, 2012, petitioner filed an extraordinary motion for new trial and an application to appoint counsel. Doc. 13-11. Finally, on November 9, 2012, petitioner filed a motion to "Pardon to the Void Sentence." Doc. 13-12. The Superior Court of Bibb County denied or dismissed all seven of Petitioner's motions. Doc. 13-14. Petitioner then filed a petition

for writ of habeas corpus in state court on August 18, 2014, which was dismissed as untimely on February 15, 2015.  Doc. 13-1, Doc. 13-2.

In the instant action pursuant to 28 U.S.C. § 2254, Petitioner seeks to challenge his guilty plea on the following bases: (1) ineffective assistance of counsel; (2) the sentencing court lacked jurisdiction because of defects in the arrest warrants; (3) the affidavits in support of the warrants petitioner was arrested on were not sufficient to give the magistrate judge probable cause to issue said warrant; and (4) the state withheld evidence.  Doc. 1, p. 5; Doc. 1-1, pp. 1-4; Doc. 8. Now before the court is Respondent's motion to dismiss as untimely. Doc. 12; Doc. 12-1.

I. AEDPA's Limitations Period

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a 1-year limitations period on petitioners for habeas corpus relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). Ordinarily, as here, AEDPA's 1-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Georgia law provides that a defendant must file a notice of appeal within 30 days of the date of judgment. O.C.G.A. § 5-6-38. Because Petitioner did not file a direct appeal, his conviction became final on March 5, 2009, the last date on which he could have filed a notice of appeal from his sentencing on February 3, 2009. The limitations period under AEDPA thus expired on March 5, 2010, one year after his time for filing an appeal had expired.

Petitioner's subsequent post-conviction motions were filed well after the statute of limitations had run, and thus were too late to toll the statute of limitations. His various motions in the trial court, such as his "Motion to Arrest Judgment" and his motion to "Pardon the Void Sentence" were filed in the fall of 2012, more than two years after the expiration of the

limitations period. His state habeas petition was filed in August 2014, more than four years after the expiration of the limitations period. Motions that are filed after the expiration of the limitations period "cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000).

Although the instant federal habeas petition is untimely, District Courts may equitably toll AEDPA's limitations period where a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010). In Response to Respondent's motion to dismiss as untimely, petitioner alleges that his application is untimely because his counsel had rendered ineffective assistance of counsel. Doc. 15. Petitioner does not indicate how the alleged failure of his defense counsel to challenge the jurisdiction of the warrants he was arrested on constitutes a circumstance prohibiting him from filing this habeas petition. The various other reasons Petitioner alleges are not supported by the record and amount to conclusory allegations.

Construed liberally, Petitioner also argues that he has made diligent attempts to pursue his rights. Petitioner references the seven motions he filed in the Superior Court of Bibb County. However, Petitioner began filing these motions in September 2012--over two years after the limitations period had already run. Moreover, as this Court has previously noted, ignorance of the law is not generally grounds for equitable tolling. *See, e.g.*, *Gardner v. Walker*, 2005 WL 1127137 (M.D. Ga. May 7, 2005). Thus, Petitioner's petition is clearly untimely.

Therefore, it is **RECOMMENDED** that Respondent's Motion to Dismiss (Doc. 13) be **GRANTED**, and that the instant Petition be **DISMISSED** as **UNTIMELY**. As a consequence of this Recommendation, it is further **RECOMMENDED** that Petitioner's Motion for Discovery

(Doc. 17), Motion for Declaratory Judgment (Doc. 18), and Motion for Summary Judgment (Doc. 19) be **DISMISSED** as moot.[1]

Pursuant to the requirements of Rule 11 of the rules governing Section 2254 cases, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is **FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 4th day of September, 2015.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge

---

[1] These motions seek relief that is not ordinarily provided in a Section 2254 action.